UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MACKAY, JR.,

    Plaintiff,                                  CIVIL ACTION NO. 14-14097

vs.                                        DISTRICT JUDGE TERRENCE G. BERG

                                           MAGISTRATE JUDGE MONA K. MAJZOUB

FORD MOTOR COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald Mackay, Jr., proceeding *pro se*, filed this action against Defendant Ford Motor Company alleging that he purchased a 2015 Ford Fiesta from a dealership in Pennsylvania; that there are problems with the car's transmission, door locks, and seatbelt systems; and that as a result of the faulty seatbelt and door locks, he was trapped in his car for approximately one hour, which resulted in an injury to his right arm and the total loss of hearing in his right ear. (*See* docket no. 1.) Plaintiff does not set forth the legal bases for his claims.

Before the Court is Defendant's Motion to Dismiss. (Docket no. 11.) Plaintiff filed a Response (docket no. 16), Defendant Filed a Reply (docket no. 17), and Plaintiff filed a second Response (docket no. 18).[1] All pretrial matters have been referred for consideration. (Docket no. 8.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

---

[1] Also pending before the Court are Plaintiff's Motion for Emergency Relief (docket no. 5) and Defendant's Motion to Strike Plaintiff's second Response (docket no. 19). Because the Court should grant Defendant's Motion to Dismiss, these additional, outstanding motions should be denied as moot.

1

**I.      Recommendation**

For the reasons stated herein, Defendant's Motion to Dismiss [11] should be GRANTED. The Court should, however, afford Plaintiff an opportunity to amend his Complaint. Additionally, Plaintiff's Motion for Emergency Relief [5] and Defendant's Motion to Strike Plaintiff's second Response [19] should be denied as moot.

**II.     Report**

**A.      Facts**

Although not clearly articulated, Plaintiff alleges, through his Complaint and the documents attached thereto, that he purchased a new, 2015 Ford Fiesta from Conshohocken Ford in Conshohocken, PA, on September 4, 2014.[2]  (*See* docket no. 1 at 7, 8.)   After driving the car for approximately 50 miles, Plaintiff noticed that the car would "jump[] in and out of gear during acceleration and deceleration."  (*Id.* at 4.)  Plaintiff further asserts that on September 28, 2014, "the car's electric door locks failed leaving Plaintiff in car (sic) at the same time the seat belt on drivers (sic) side would not unlatch."  (*Id.*)  Plaintiff rolled down his window and got the attention of an unidentified man walking by his car.  He and the unidentified man spent approximately one hour working to free Plaintiff from the car, at which time they were able to open the door by pulling on the interior door handle and exterior door handle simultaneously; Plaintiff then slid underneath his seat belt to exit the vehicle.  (*Id.* at 4-5.)

Plaintiff alleges that he received bruises on his right arm and a complete loss of hearing in

---

[2] Plaintiff repeatedly refers to the events in this matter as taking place in September 2015. For purposes of this Report and Recommendation, the undersigned assumes that Plaintiff intended to write 2014.

his right ear due to being stuck in his vehicle.³  He claims that these problems should all have been discovered "at [the] test track" and that Defendant should not have released the automobile for public sale until the issues had been resolved.  (*Id.* at 5.)  Additionally, he claims that the dealership failed to instruct him in how to use the in-car emergency assistance feature, which he implies would have helped him avoid injury.  (*Id.*)  He seeks a release from his purchase agreement without damage to his credit report, a new car ("other than [a] Ford product") to be purchased for him by Defendant, and $100,000,000 in damages.  (Docket no. 1 at 5.)

### B. Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*

---

³ In his Response to Defendant's Motion, Plaintiff also asserts that he lost two teeth as a result of his ordeal.  (Docket no. 16 at 1.)

(internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**C.     Analysis**

As a threshold matter, Defendant asserts that Plaintiff's Complaint fails to put it on notice regarding Plaintiff's cause of action, what alleged wrongful conduct was committed by Defendant, and how this alleged conduct caused Plaintiff's injuries. (Docket no. 11 at 12-13.) Nevertheless, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted). And as Defendant impliedly acknowledges through its Reply to Plaintiff's Response, Plaintiff's cause of action lays, if anywhere, in a product-liability claim. (*See* docket no. 17.)

"A defect in [a] product can be established through a variety of theories, including: (1) negligent design of the product; (2) negligent manufacture of the product; (3) negligent failure to warn about some aspect of the product; (4) breach of an express or implied warranty; or (5) misrepresentation or fraud." *Eiben v. Gorilla Ladder Co.*, No. 11–10298, 2013 WL 1721677, at *8 (E.D.Mich. Apr. 22, 2013). But regardless of the theory, to survive a motion to dismiss a

4

product-liability claim, the plaintiff must allege facts supporting an assertion that Defendant supplied a defective product and that the defect caused the plaintiff's injury. *Auto Club Ins. Ass'n v. Gen. Motors Corp.*, 217 Mich.App. 594, 604, 552 N.W.2d 523 (1996).

Defendant notes that a product's mere failure does not equate to a defect. (Docket no. 17 at 8 (citing *Cassette v. Gen Motors Corp.*, 73 Mich. App. 255, 228 (1977)).) But a reasonable inference can be drawn where the failure or accident cannot be attributable to any other cause. *See*, generally, *Halloway v. Gen. Mot. Corp.*, 403 Mich. 614, 623-24 (1978). Here, accepting as true Plaintiff's factual allegations that the transmission jumps, that the seatbelt in his car would not unlatch, and that the door would not open, it is reasonable to infer for purposes of Defendant's Motion to Dismiss that these failures are attributable to defects. Whether these defects are attributable to Defendant, however, is another issue. *See id.*

But even assuming, *arguendo*, that these failures are attributable to Defendant, "[P]laintiff must show that [D]efendant's conduct was the proximate cause of [his] injuries." *Walton v. Miller*, No. 293526, 2011 WL 4580589, at *2 (Mich. Ct. App. 2011) (citing *Skinner v. Square D Co.*, 445 Mich. 153, 162, (1994)). This "entails proof of two separate elements: (1) cause in fact, and (2) legal cause, as known as 'proximate cause.'" *Skinner*, 445 Mich. at 162-63 (citation omitted). "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred. On the other hand, legal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* at 163 (internal citation omitted). Here, Plaintiff's allegations of cause are nothing more than legal conclusions couched as fact.

5

In his Complaint, Plaintiff fails to allege any injury related to his car's transmission. He merely alleges that is "jumps in and out of gear." (Docket no. 1 at 4.) And accepting as true Plaintiff's allegation that he was stuck in his car for approximately one hour when the door would not open and his seatbelt would not unlatch, Plaintiff does not indicate how being stuck in his car caused bruising on his arm, a total loss of hearing in his right ear, or the loss of his teeth. Although Plaintiff does somewhat clarify his allegations in his Response to Defendant's Motion by arguing that his bruises were caused when he "eventually slip (sic) under belt," this allegation is not contained in his Complaint. (*See* docket no. 16 at 1.) And he still fails to explain how Defendant's alleged wrongdoing is connected to his loss of hearing or the removal of his teeth.

In sum, after construing Plaintiff's Complaint liberally and assuming the veracity of Plaintiff's factual allegations, the undersigned finds that Plaintiff's Complaint fails to raise his right to relief above the speculative level. Plaintiff's Complaint should be dismissed, but Plaintiff should be afforded an opportunity to amend his pleadings. *See Strayhorn v. Caruso*, No. 11-15216, 2012 WL 4086168, at *2 (E.D. Mich. Sept. 17, 2012) ("The Sixth Circuit held in *Brown* that a district court must give a plaintiff—particularly a pro se plaintiff—the opportunity to amend his or her complaint before dismissing it with prejudice for failing to state a claim upon which relief may be granted." (*Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan.31, 2011)).

### D. Conclusion

For the reasons stated above, the undersigned recommends granting Defendant's Motion to Dismiss [11]. The Court should, however, afford Plaintiff an opportunity to amend his Complaint. Additionally, Plaintiff's Motion for Emergency Relief [5] and Defendant's Motion to Strike Plaintiff's second Response [19] should be denied as moot.

6

**III.     Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   July 7, 2015                               s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served on Plaintiff Donald Mackay, Jr., and counsel of record on this date.

Dated:   July 7, 2015                          s/ Lisa C. Bartlett
                                                                  Case Manager