**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DONALD MACKAY, JR.,**

    **Plaintiff,**　　　　　　　　　　**CIVIL ACTION NO. 14-14097**

**vs.**　　　　　　　　　　　　　　　**DISTRICT JUDGE TERRENCE G. BERG**

　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

**FORD MOTOR COMPANY,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Donald Mackay, Jr., proceeding *pro se*, filed this action against Defendant Ford Motor Company alleging that he purchased a 2015 Ford Fiesta from a dealership in Pennsylvania and that there are problems with the car's transmission, door locks, and seatbelt systems. On July 7, 2015, the undersigned recommended granting Defendant's Motion to Dismiss but further recommended that Plaintiff be afforded an opportunity to file an Amended Complaint. (Docket no. 21.) Plaintiff filed his Amended Complaint on August 5, 2015 (docket no. 26), nearly a month before the Court adopted the Report and Recommendation on September 3, 2015 (docket no. 29).

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Docket no. 28.) Plaintiff filed a Response (docket no. 30), and Defendant Filed a Reply (docket no. 32). Also pending before the Court is Plaintiff's Motion for Judgment, filed on July 14, 2015, before his Amended Complaint. (Docket no. 23.) Defendant has not filed a Response. All pretrial matters have been referred for consideration. (Docket no. 8.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues

1

this Report and Recommendation.

**I.     Recommendation**

For the reasons stated herein, Defendant's Motion to Dismiss [28] and Plaintiff's Motion for Judgment [23] should both be DENIED.

**II.    Report**

**A.     Facts**

As a preliminary matter, the undersigned notes that Plaintiff's Amended Complaint does not include some of the allegations in his initial Complaint. (*Compare* docket no. 1, *with* docket no. 26.) Indeed, Plaintiff's Amended Complaint consists of four total paragraphs with a passing reference to what was "so stated in original complaint." (Docket no. 26.) And as Plaintiff notes in his Response to Defendant's Motion, he "was asked to amend the Complaint[, and he] did so." (Docket no. 30 at 1.) Because of Plaintiff's pro se status, the undersigned has considered his initial Complaint and his Amended Complaint together.

Although not clearly articulated in his initial Complaint and the documents attached thereto, Plaintiff alleges that he purchased a new, 2015 Ford Fiesta from Conshohocken Ford in Conshohocken, PA, on September 4, 2014.[1] (*See* docket no. 1 at 7, 8.) After driving the car for approximately 50 miles, Plaintiff noticed that the car would "jump[] in and out of gear during acceleration and deceleration." (*Id.* at 4.) In his Amended Complaint, he clarifies that this "engaging and disengaging caus[ed] the car to buck at 40 miles an hour while driving[, which caused] Plaintiff's right arm to be thrown against [the] steering wheel causing swelling and black

---

[1] Plaintiff repeatedly refers to the events in this matter as taking place in September 2015. For purposes of this Report and Recommendation, the undersigned assumes that Plaintiff intended to write 2014.

and blue marks on [his] arm." (Docket no. 26 at 1.)

Plaintiff further asserts through his initial complaint that on September 28, 2014, "the car's electric door locks failed leaving Plaintiff in car (sic) at the same time the seat belt on drivers (sic) side would not unlatch." (Docket no. 1 at 4.) Plaintiff rolled down his window and got the attention of an unidentified man walking by his car. He and the unidentified man spent approximately one hour working to free Plaintiff from the car, at which time they were able to open the door by pulling on the interior door handle and exterior door handle simultaneously; Plaintiff then slid underneath his seat belt to exit the vehicle. (*Id.* at 4-5.) Plaintiff also clarifies in his Amended Complaint that "while [he was] stuck in [the] vehicle[,] the seatbelt came over [the] right side of [his] face and cheek[,] causing permanent hearing loss [in his] right ear and [a] need to replace [two teeth]. (Docket no. 26 at 1.) Plaintiff adds in his Amended Complaint that sliding under the seatbelt also re-aggravated a previous spinal injury. (*Id.*)

Plaintiff claims that these problems should all have been discovered "at [the] test track" and that Defendant should not have released the automobile for public sale until the issues had been resolved. (Docket no. 1 at 5.) Additionally, he claims that the dealership failed to instruct him in how to use the in-car emergency assistance feature, which he implies would have helped him avoid injury.[2] (*Id.*) He seeks a release from his purchase agreement without damage to his credit report, a new car ("other than [a] Ford product") to be purchased for him by Defendant, and $100,000,000.00 in damages. (Docket no. 1 at 5.)

**B.    Governing Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

---

[2] Plaintiff has not included the dealership as a Defendant in this matter.

sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

    C.    **Analysis**

        1.    **Defendant's Motion to Dismiss**

In the July 7, 2015 Report and Recommendation, the undersigned first considered the basis of Plaintiff's claims:

> As a threshold matter, Defendant asserts that Plaintiff's Complaint fails to put it on notice regarding Plaintiff's cause of action, what alleged wrongful conduct was committed by Defendant, and how this alleged conduct caused Plaintiff's injuries. (Docket no. 11 at 12-13.) Nevertheless, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted). And as Defendant impliedly acknowledges through its Reply to Plaintiff's Response, Plaintiff's cause of action lays, if anywhere, in a product-liability claim. (*See* docket no. 17.)

(Docket no. 21 at 4.) Plaintiff now formally acknowledges this finding. (Docket no. 30 at 2.)

As discussed in the Report and Recommendation, "[a] defect in [a] product can be established through a variety of theories, including: (1) negligent design of the product; (2) negligent manufacture of the product; (3) negligent failure to warn about some aspect of the product; (4) breach of an express or implied warranty; or (5) misrepresentation or fraud." *Eiben v. Gorilla Ladder Co.*, No. 11–10298, 2013 WL 1721677, at *8 (E.D.Mich. Apr. 22, 2013). But regardless of the theory, to survive a motion to dismiss a product-liability claim, the plaintiff must allege facts supporting an assertion that the defendant supplied a defective product and that the defect caused the plaintiff's injury. *Auto Club Ins. Ass'n v. Gen. Motors Corp.*, 217 Mich.App. 594, 604, 552 N.W.2d 523 (1996). Further, though, where a defect does exist and where a plaintiff can show that the defect was attributable to the defendant, the "plaintiff must show that defendant's conduct was the proximate cause of [his] injuries." *Walton v. Miller*, No. 293526, 2011 WL 4580589, at *2 (Mich. Ct. App. 2011) (citing *Skinner v. Square D Co.*, 445 Mich. 153, 162, (1994)). This "entails proof of two separate elements: (1) cause in fact, and (2) legal cause, as known as 'proximate cause.'" *Skinner*, 445 Mich. at 162-63 (citation omitted). "The cause in

5

fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred. On the other hand, legal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* at 163 (internal citation omitted).

Noting that a reasonable inference of a defect can be drawn where a failure or accident cannot be attributable to any other cause, *see*, *generally*, *Halloway v. Gen. Mot. Corp.*, 403 Mich. 614, 623-24 (1978), the undersigned accepted Plaintiff's factual allegations as true and found that the alleged transmission, door-lock, and seatbelt failures could reasonably be attributable to defects in Plaintiff's car. (Docket no. 21 at 5.) Nevertheless, Plaintiff's initial Complaint was insufficient with regard to causation; that is, Plaintiff had not alleged any logical connection between these alleged defects and his injuries that could be attributable to Defendant. (*Id.* at 5-6.)

Defendant contends that Plaintiff's Amended Complaint likewise fails because Plaintiff still has failed to properly allege cause in fact or proximate cause. (Docket no. 28 at 13-15.) Specifically, Defendant argues that Plaintiff "does not indicate how these alleged problems with the vehicle are attributable to Defendant (as compared to improper maintenance, abuse, misuse, etc.). (*Id.* at 14.) Further, Defendant asserts, Plaintiff has failed to allege what Defendant did "to contribute to the alleged transmission problem [or] the alleged failures of the door latch and seatbelt." (*Id.*) In sum, Defendant equates Plaintiff's Complaint to "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (*Id.* at 15 (quoting *Iqbal*, 556 U.S. at 678).)

The undersigned finds Defendant's argument unpersuasive. While admittedly sparse, Plaintiff's Amended Complaint connects the proverbial dots between the factual allegations in his initial Complaint and the causation requirements necessary in his pleadings. Plaintiff alleges that

6

the transmission in his car consistently slipped, which caused him to bang his arm on the steering wheel. And he alleges that the door latch and seatbelt stuck, which forced him to contort his body and slip underneath the latched belt, leading to injuries in his back and on the right side of his head. And as the Parties agree, his claims rest in product liability. Thus, Defendant's contention appears to be that Plaintiff failed to specifically allege that Defendant is responsible for the alleged defects and that Plaintiff did not proactively rule out other potential causes for the equipment failures. But Plaintiff is not required to plead causation with such specificity, and his filing of his claims against Defendant implies an allegation that Defendant is responsible.

Plaintiff's initial pleadings show that he undoubtedly faces an uphill battle in this matter. As noted, the Court need only accept Plaintiff's factual allegations as true for purposes of Defendant's motion under Fed. R. Civ. P. 12(b)(6). To maintain his claim further, Plaintiff bears the burden of proof. Here, however, accepting Plaintiff's factual allegations as true, the issue before the Court turns primarily on whether he has properly alleged causation. Under Michigan law, "a manufacturer has a duty to design its product to eliminate 'any unreasonable risk of foreseeable injury.'" *Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 692-93, 365 N.W.2d 176 (1984) (citation omitted). Critically, though, whether there was an unreasonable risk of foreseeable injury to a plaintiff is a question of fact. *Ghrist v. Chyrsler Corp.*, 451 Mich. 242, 249 n. 13, 547 N.W.2d 272 (1996). Thus, Plaintiff's allegations are sufficient to support his claims; whether he can prove them later (or whether Defendant can show other possible causes for Plaintiff's injuries) is not presently at issue. Therefore, Defendant's Motion should be denied.

### 2. Plaintiff's Motion for Judgment

Plaintiff's Motion for Judgment, filed before his Amended Complaint, sets forth the

damages and allegations in much the same way as his Complaint. (Docket no. 23.) Nowhere in his Motion does Plaintiff suggest a legal basis for the Court awarding judgment in his favor at this stage of litigation. To the extent Plaintiff seeks a judgment on the pleadings, his Complaint (particularly his initial Complaint) fails to support such an order. And to the extent Plaintiff seeks summary judgment, he has provided no additional evidence outside of his pleadings to bolster his claims. Plaintiff's Motion for Judgment should be denied.

### D. Conclusion

For the reasons stated above, the undersigned recommends denying Defendant's Motion to Dismiss [28] and denying Plaintiff's Motion for Judgment [23].

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection

must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 25, 2016            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on Plaintiff Donald Mackay, Jr., and counsel of record on this date.

Dated: January 25, 2016            s/ Lisa C. Bartlett
                                   Case Manager

9