UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MACKAY, JR.,

    Plaintiff,
v.                                      Case No. 14-14097

FORD MOTOR COMPANY,        HON. TERRENCE G. BERG
                                                            HON. MONA K. MAJZOUB

    Defendant.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 36)**

This is a pro se products liability case, where the plaintiff is alleging that defects in a 2015 Ford Fiesta caused him injuries. Magistrate Judge Mona K. Majzoub's issued a report and recommendation on January 25, 2016 (Dkt. 36), recommending that Defendant Ford Motor Company's (Ford) motion to dismiss the amended complaint (Dkt. 28) be denied, and that Plaintiff Donald Mackay, Jr's (Plaintiff) motion for judgment (Dkt. 23) be denied.

Ford filed timely objections to the recommendation that its motion to dismiss be denied (Dkt. 37). The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* Plaintiff did not file any objections to the recommendation that his motion for judgment be denied, therefore the Court will adopt that recommendation without

further analysis or discussion. However, because Ford objects to Magistrate Judge Majzoub's recommendation concerning Ford's motion to dismiss, that recommendation will be reviewed *de novo*.

As noted earlier, this is a products liability action. Plaintiff filed two complaints[1] in this matter (Dkts. 1 & 26). Since Plaintiff's amended complaint appeared to incorporate by reference the allegations of the original complaint, Magistrate Judge Majzoub read them both as a single complaint. Plaintiff's original complaint (Dkt. 1) alleged the following:

> Plaintiff purchased a new (9.4.2015) Ford Fiesta. The car has major transmission and assembly flaws. At 50/mi on it car jumps in and out of gear during acclerating (sic) and deacelleration (sic). The car's electric door locks failed leaving Plaintiff in car 9.28.2015 at the same time the seat belt on drivers side would not unlatch. A man walking by heard my pleas for HELP lucky that this car had manual window risers not electric. It took both of us about an hour to free me out of car as I was not shown how to activate 911 features by dealer when purchased.
>
> Plaintiff has multiple bruises on right arm, loss of right arm, and has loss (sic) hearing in right ear do (sic) to seat belt not releasing. The man who helped me to get out of the car simultaneously held and opened both outdoor drivers side assembly handle and inside door handle at same time, getting the car to open door finally. Due to seat belt latch failure I myself could not reach outside handle.
>
> The cars gear shift lever will not stay in reverse gear by itself, and Plaintiff has to double clutch to get the car into next gear without grinding gears in transmission. The entire engine and transmission assembly will have to be taken out of car to gain access for transmission syncronizers (sic) Clutch repairs. <u>This</u> <u>should</u> <u>not</u> <u>be</u>. Quality control should have sensed these problems at test track, and car should not have been released, causing both grief and physical harm to purchaser.

---

[1] Magistrate Judge Majzoub filed a previous report and recommendation, recommending that Plaintiff's original complaint did not state a claim upon which relief could be granted (Dkt. 21). Magistrate Judge Majzoub further recommended that Plaintiff be permitted to file an amended complaint. Neither party objected to this recommendation; thus, this Court adopted it (Dkt. 29), and Plaintiff filed an amended complaint (Dkt. 26).

2

>Plaintiff seeks out of contract w/out damage to credit report. Call to Geneneral (sic) manager at Kennedy Ford in Conshohocken go unanswered. <u>Plaintiff</u> <u>seeks</u> <u>in</u> <u>releif</u> (sic) a new car of his choice other than Ford product to be paid by Ford. Plaintiff seeks $100 million dollars for medical problems arising present and future due to incident. I thank this kind court for its time. Plaintiff seeks an order to Ford returning 4000 cash deposit to return said vehicle.

Plaintiff then filed an amended complaint (Dkt. 26), alleging the following:

>Return vehicle, 100 million dollar amt. so stated in original complaint
>
>1. Plaintiff at 50 mi on vehicle was tossed about inside vehicle as for by cars transmission was engaging and disengaging causing car to buck at 40 miles an hour while driving causing Plaintiffs right arm to be thrown against steering wheel causing swelling and black and blue marks on arm several times.
>
>2. While stuck in vehicle the seatbelt came over right side of face and cheek causing permanent hearing loss of right ear and need to replace crown-mollar (sic) two teeth which were damaged also.
>
>3. A previous spinal fusion of levels lower lumbar 4 & 5 has been damaged also, due to having been pulled over cars door sill, sciatica in left leg and right foot has been continually swelling since Plaintiff was pulled from car due to door latch and seatbelt failure.
>
>4. Mental and emotional trauma pain and suffering.

Ford's objections (Dkt. 37) to Magistrate Judge Majzoub's recommendation, distilled to their essence, are that the above allegations do not meet the *Twombley* and *Iqbal* pleading standards.

Rule 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted. Rule 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to

3

relief." When evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint. However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic v. Twombley*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level...." *Id.*

*Twombley* established a test of "facial plausibility," replacing the prior standard, announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief. Expanding upon *Twombley's* "facial plausibility" test, the Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). *Id.* at 1950. Further, *Iqbal* allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader

can, based on the facts alleged, obtain any relief. *Id.* It is still true, however, that pro se complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in *Twombley*. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). It is with these standards in mind that Ford's motion to dismiss will be decided.

At the outset, the Court notes that Magistrate Judge Majzoub correctly recognized that "[a] defect in [a] product can be established through a variety of theories, including: (1) negligent design of the product; (2) negligent manufacture of the product; (3) negligent failure to warn about some aspect of the product; (4) breach of an express or implied warranty; or (5) misrepresentation or fraud." *Eiben v. Gorilla Ladder Co.*, No. 11–10298, 2013 WL 1721677, at *8 (E.D. Mich. Apr. 22, 2013). Magistrate Judge Majzoub further correctly recognized that, to survive a motion to dismiss a product-liability claim, the plaintiff must allege facts supporting an assertion that the defendant supplied a defective product and that the defect caused the plaintiff's injury. *See Auto Club Ins. Ass'n v. Gen. Motors Corp.*, 217 Mich. App. 594, 604, 552 N.W.2d 523 (1996).

Liberally construing Plaintiff's pro se allegations, the Court agrees with Magistrate Judge Majzoub that the combined complaints allege sufficient facts to state a product liability claim against Ford, if just barely. To summarize, Plaintiff claims that he bought a new 2015 Ford Fiesta, that the car suffered from numerous

5

defects [i.e., a defective transmission, gear shift, seat belts, and door locks] that should have been discovered at the "test track," and that these defects injured Plaintiff. While Ford argues that Plaintiff's alleged injuries are not plausibly foreseeable (damage to crown molars, loss of right arm, loss of hearing, and back injuries), this argument suggests that Plaintiff could never prove such injuries – a factual question, not a pleading infirmity. At this stage of the litigation, the relevant question is whether Plaintiff has alleged that Ford's product had a defect and that defect caused Plaintiff injuries. Ford claims that Plaintiff does not adequately attribute his injuries to Ford, but a liberal reading of these allegations clearly shows that Plaintiff is claiming that the Ford Fiesta he was driving was not functioning properly, and that its malfunctioning injured Plaintiff. For now, slim and rough though they are, these claims are enough to survive Ford's motion to dismiss. Whether Plaintiff can adduce admissible evidence in order to create a genuine issue of material fact sufficient to survive summary judgment is another matter entirely, that the Court need not determine today. As such, Magistrate Judge Majzoub's January 25, 2016 report and recommendation (Dkt. 36) will be accepted and adopted as this Court's findings of fact and conclusions of law.

Thus, this case will proceed into discovery. Since Plaintiff has availed himself of this forum by filing suit in the Eastern District of Michigan, Plaintiff will be required to appear for a deposition in this judicial district. **Plaintiff must immediately provide counsel for Ford with a telephone number to contact him to make arrangements for his deposition in Michigan.**

For the reasons set forth above, it is hereby **ORDERED** that Magistrate Judge Majzoub's Report and Recommendation of January 25, 2016 (Dkt. 36) is **ACCEPTED** and **ADOPTED**. Accordingly, Ford's motion to dismiss the amended complaint (Dkt. 28) is **DENIED** and Plaintiff's motion for judgment (Dkt. 23) is **DENIED**. The Court will issue a separate scheduling order in this matter.

**SO ORDERED.**

Dated: March 30, 2016               s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 30, 2016, using the CM/ECF system, which will send notification to all parties.

                                    s/A. Chubb
                                    Case Manager